# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROBERT FABIAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>FULMER HELMETS, INC.,<br><br>    Defendant. | Case No. 09-cv-02305-RHC-dkv<br><br>Hon. Robert H Cleland<br>U.S. District Judge<br><br>Hon. Diane K. Vescovo<br>U.S. District Magistrate |

## PRELIMINARY APPROVAL ORDER

Presented to the Court for preliminary approval is a Settlement whose terms are set out in a Stipulation of Class Action Settlement executed by Plaintiff Robert Fabian and Defendant Fulmer Helmets, Inc., and their respective Counsel.[1]

The Settlement would resolve all claims between Plaintiff, on behalf of himself and each of the Settlement Class Members, and Defendant, Fulmer Helmets, Inc. The Court has considered the proposed Settlement to determine, among other things, whether to certify the proposed Settlement Class for settlement purposes, and whether the Settlement is sufficient to warrant the issuance of Notice to Settlement Class Members. Upon reviewing the Stipulation and the Parties' joint motion for preliminary approval, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

  1. **Class Findings:** The Court preliminarily finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Stipulation.

States District Court for the Western District of Tennessee, and any other applicable laws have been met as to the Settlement Class defined below, in that:

    a.    The Settlement Class is cohesive and well defined;

    b.    The Settlement Class Members are so numerous that their joinder before the Court would be impracticable;

    c.    Based on the record in this litigation, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class;

    d.    Based on the record in this litigation showing that Fulmer engaged in conduct affecting Settlement Class Members in a uniform manner, the Court finds that the claims of Plaintiff are typical of the claims of the Settlement Class;

    e.    Plaintiff will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of Plaintiff and the nature of his alleged claims are consistent with those of the Settlement Class Members; (ii) there appear to be no conflicts between or among Plaintiff and the Settlement Class; and (iii) Plaintiff and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions;

    f.    The questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and

    g.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

    2.    **Class Certification:** Based on the findings set out in paragraph 1 above, the Court preliminarily certifies the following Settlement Class for settlement purposes under Fed. R. Civ. P. 23 (a) and (b)(3):

> All purchasers of the AF-50 Helmet, in any size, from August 20, 2002, to April 11, 2012.

The class claims are defined as Counts I-IV in the Amended Complaint for Damages (Doc. 5).

3. **Class Representation**: The Court finds, preliminarily, that Plaintiff is a Settlement Class Member and appoints him as representative of the Settlement Class. The Court also appoints the firms Branstetter, Stranch & Jennings, PLLC, and Saltz, Mongeluzzi, Barrett & Bendesky, P.C., as Class Counsel for the Settlement Class.

4. **Conditional Nature of Class Certification:** This preliminary certification of the Settlement Class is solely for purposes of effectuating the Settlement. If the proposed settlement is not finally approved for any reason, the preliminary certification of the Settlement Class shall become null and void, and the settling parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument, position, or privilege that any of the settling parties might have asserted but for the Settlement, including specifically the right of the Defendant to contest certification of the class.

5. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that the proposed Settlement should be approved as (a) fair, reasonable and adequate; (b) the product of serious, informed, arm's length, and non-collusive negotiations; (c) having no obvious deficiencies; (d) not improperly granting preferential treatment to the Settlement Class representative or segments of the Settlement Class; (e) falling within the range of possible approval; and (f) warranting notice to Settlement Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

6. **Fairness Hearing:** A Final Approval Hearing is scheduled for 9:00 a.m. on September 18,, 2012, to determine, among other things:

a. whether the Settlement Class should be finally certified, and it determined that the Settlement Class satisfied the prerequisites for certification under Fed.R.Civ.P. 23(a) and (b)(3);

b. whether the Settlement should be approved as fair, reasonable, and adequate;

c. whether all claims in the litigation should be dismissed with prejudice pursuant to the terms of the Stipulation;

d. whether the Notice and the means of disseminating same pursuant to the Stipulation (i) are appropriate and reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

e. whether to approve applications for attorney's fees and costs and expenses by Class Counsel;

f. whether to approve an application for an incentive award to Plaintiff as the Settlement Class Representative;

g. how to resolve any timely and proper objections to the Settlement, the applications for attorney's fees, costs and expenses, and an incentive award to Plaintiff; and

h. any other matters the Court may deem appropriate.

The Parties shall file papers in support of final approval of the Settlement and final certification of the Settlement Class, as well as any applications for attorney's fees, costs and expenses, and an incentive award to Plaintiff, by September 3, 2012,

7. **Notice to Class:** The Notice Date shall be May 5, 2012.

4

(a) The Parties have presented to the Court a proposed form of Notice, which was attached to the Stipulation as Exhibit B. The Court finds that the Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b) tells Settlement Class Members how to submit Claims and obtain relief pursuant to the Stipulation; (c) notifies the Settlement Class that Class Counsel will request attorney's fees, costs and expenses, and an incentive award for Plaintiff; (d) gives notice with respect to the proposed releases and covenants not to sue; (e) gives notice of the time and place of the Final Approval Hearing; and (f) describes how Settlement Class Members may opt out of or object to the Settlement. The Court finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(b).

(b) The Parties have proposed the following manner of disseminating the Notice to Settlement Class Members, and the Court finds that such proposed manner of dissemination is appropriate under the circumstances and directs the following:

(i) On or before the Notice Date and until sixty (60) days thereafter, Fulmer shall maintain an Internet web page within its domain name, http://www.fulmerhelmets.com, that displays the Notice;

(ii) On or before the Notice Date, Fulmer shall send the Notice to all of its distributors and request that they display the Notice in a public place;

(iii) In the first published issue after the Notice Date, Fulmer shall cause the Notice to be published in at least a one-fourth (¼) page advertisement in two successive editions of both *Cycle World* magazine and *American Motorcyclist* to appear in the editions which are published in the months of July and August, 2012, and banner

ads will be purchased to appear in the months of May and June, 2012 on the websites of both magazines; and

(iv) On or before the Notice Date, Fulmer will also retain, upon approval of Class Counsel, a third party administrator to create a separate webpage for Settlement Class Members that will display the Notice from the Notice Date sixty (60) days after the Final Order Approving Settlement is entered.

(c) Fulmer shall be responsible for paying all of the expenses incurred in connection with preparing, printing, disseminating, posting, e-mailing, Internet hosting and publishing the Notice. Prior to the Final Approval Hearing, Fulmer and/or its third party administrator shall provide certification to the Court that Notice was given in accordance with the foregoing requirements.

8. **Injunction:** Pending the final determination of the fairness, reasonableness, and adequacy of the Settlement, the Parties and all of the Settlement Class Members are preliminarily enjoined from instituting or commencing any action against one another based on the Released Claims defined in Section H Stipulation.

9. **Opt Outs and Objectors:** The Opt Out and Objection Date shall be August 27, 2012. Any Settlement Class Member may opt out and be excluded from the Settlement Class by submitting a written request for exclusion. Any request for exclusion must be filed with the Clerk of the Court, and served on both Class Counsel and Fulmer's Counsel, on or before the Opt Out and Objection Date. A request for exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class. So-called "mass" or "class" opt-outs shall not be allowed. Except for those who submit a request for exclusion in accordance with the foregoing,

all Settlement Class Members will be bound to the terms of the Stipulation upon the Effective Date, regardless of whether they file a Claim or receive any relief.

Any Settlement Class Member who does not opt out from the Settlement Class shall have the right to submit written objections to the Settlement, the Stipulation, any requests for attorney's fees, costs and expenses and/or an incentive award to Plaintiff and any related matters. To do so, a Settlement Class Member must file with the Clerk of the Court, and serve on both Class Counsel and Fulmer's Counsel, on or before the Opt Out and Objection Date: (a) the name, address, telephone number of the Settlement Class Member and, if represented by counsel, of his/her/its counsel; (b) any available proof that that person is a Settlement Class Member; (c) a statement describing the objection and the reasons for it, as well as any support or evidence to be brought to the Court's attention; and (d), if the Settlement Class Member wishes to appear as an objector at the Final Approval Hearing, a statement that he/she/it intends to do so.  Any Settlement Class Member desiring to attend the Final Approval Hearing and be heard as an objector must have filed and served a written objection in accordance with the foregoing.  A Settlement Class Member who does not file and serve a written objection in accordance with the foregoing shall be deemed to have waived, and shall be forever barred from raising, any objection.

Filing and service of documents required by this paragraph shall be made to the following:

> To the Court:
>
>> Clerk of the Court
>> United States District Court
>>   for the Western District of Tennessee
>> 167 N. Main Street
>> Room 242
>> Memphis, TN 38103

    To Class Counsel:

      J. Gerard Stranch, IV
      James G. Stranch, III
      BRANSTETTER, STRANCH
      & JENNINGS, PLLC
      227 Second Avenue North, Fourth Floor
      Nashville, TN 37201-1631
      Telephone: (615) 254-8801
      Facsimile: (615) 255-5419

      Simon B. Paris
      SALTZ, MONGELUZZI, BARRETT
      & BENDESKY, P.C.
      One Liberty Place, 52nd Floor
      1650 Market Street
      Philadelphia, PA 19103
      Telephone: (215) 575-3986
      Facsimile: (215) 496-0999

    To Fulmer's Counsel:

      Oscar C. Carr, III
      Charles W. Hill
      GLANKLER BROWN, PLLC
      6000 Poplar Avenue, Suite 400
      Memphis, TN 38119
      Telephone: (901) 525-1322
      Facsimile: (901) 525-2389

  10. **Service of Papers:** Class Counsel and Fulmer's Counsel shall promptly furnish each other with copies of any and all requests for exclusion, objections, and notices of intention to appear at the Final Approval Hearing that come into their possession.

  11. **Claims Administration:** The Claims Deadline shall be March 20, 2013, (to be effective, a claim form must be postmarked on or before the "Claims Deadline"). Defendant shall administer the relief provided under the Stipulation to Settlement Class Members that file a proper and timely Claim. Defendant shall engage the services of a third party administrator that is agreeable to Class Counsel to process the claims through the Internet.

Case 2:09-cv-02305-rhc-dkv   Document 51   Filed 04/30/12   Page 9 of 9   PageID 903

Defendant shall submit quarterly report on the disposition of Claims to Class Counsel. All costs associated with the administration of Settlement Class Members' shall be borne by Defendant.

      12.    **Termination of Settlement:** In the event the Court refuses to issue the Final Order Approving Settlement, as described in Section K.1. of the Stipulation, the Stipulation shall have no further effect, and the Parties shall be restored to their respective positions as of immediately prior to the date of execution of the Stipulation.

      13.    **Use of Order:** Under no circumstances shall this Order be:

      a.    Construed or deemed to be a presumption, concession or admission by any Party or Settlement Class Member of the truth of any fact alleged, of any liability, fault or wrongdoing, or of the validity of any claim or defense that has been, could have been or in the future might be asserted in any litigation; or

      b.    Offered in evidence or received in evidence, whether in the Action or any other civil, criminal or administrative proceeding, except as may be necessary to effectuate the provisions of the Stipulation.

IT IS SO ORDERED this 27th day of August, 2012.

      s/Robert H. Cleland
      HONORABLE ROBERT H. CLELAND
      United States District Court Judge

---

Defendant shall submit quarterly report on the disposition of Claims to Class Counsel. All costs associated with the administration of Settlement Class Members' shall be borne by Defendant.

12. **Termination of Settlement:** In the event the Court refuses to issue the Final Order Approving Settlement, as described in Section K.1. of the Stipulation, the Stipulation shall have no further effect, and the Parties shall be restored to their respective positions as of immediately prior to the date of execution of the Stipulation.

13. **Use of Order:** Under no circumstances shall this Order be:

a. Construed or deemed to be a presumption, concession or admission by any Party or Settlement Class Member of the truth of any fact alleged, of any liability, fault or wrongdoing, or of the validity of any claim or defense that has been, could have been or in the future might be asserted in any litigation; or

b. Offered in evidence or received in evidence, whether in the Action or any other civil, criminal or administrative proceeding, except as may be necessary to effectuate the provisions of the Stipulation.

IT IS SO ORDERED this 27th day of August, 2012.

s/Robert H. Cleland  
HONORABLE ROBERT H. CLELAND  
United States District Court Judge