IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT FABIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FULMER HELMETS, INC.,<br><br>Defendant. | Case No. 09-cv-02305-RHC-dkv<br><br>Hon. Robert H. Cleland<br>U.S. District Judge<br><br>Hon. Diane K. Vescovo<br>U.S. District Magistrate |

## FINAL ORDER APPROVING SETTLEMENT AND GRANTING MOTION FOR ATTORNEY FEES

Presented to the Court for final approval is a Settlement whose terms are set out in a Stipulation of Class Action Settlement executed by Plaintiff Robert Fabian and Defendant Fulmer Helmets, Inc.[1]

On April 30, 2012, the Court entered a Preliminary Approval Order that preliminarily certified the Settlement Class, preliminarily approved the Settlement, appointed Plaintiff as representative of the Settlement Class and Co-Lead Counsel as counsel for the Settlement Class, and directed the Notice to be disseminated to Settlement Class Members.

Before the Court are: (1) Plaintiff's Motion for Final Approval of Settlement and Certification of Settlement Class and (2) Plaintiff's Motion for Attorneys' Fees, Costs and Expenses and Incentive Award. A hearing was held on April 16, 2012 and September 18, 2012 to consider these motions and any related matters the Court deemed necessary.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Stipulation.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.      The Court has jurisdiction over the subject matter of the Action pursuant to 28 U.S.C. § 1332(d)(2).

2.      The Court hereby approves and confirms the Settlement embodied in the Stipulation as being in all respects a fair, reasonable, and adequate settlement and compromise of the Action and in the best interest of the Settlement Class. The Court adopts the Stipulation as its judgment and orders that the Stipulation shall be herewith effective, binding, and enforced according to its terms and conditions.

Among the factors considered by the Court in concluding that the Settlement is fair, reasonable, and adequate are that: (1) the Settlement was negotiated vigorously and at arms' length after significant litigation by competent and experienced counsel; (2) Fulmer has asserted numerous substantive defenses; and (3) the Settlement removes the risks, delay, and costs associated with continued litigation by delivering a significant and immediate economic benefit to Settlement Class Members.

3.      The Court specifically approves the manner of distributing relief among the Settlement Class Members set forth in Section D of the Stipulation as fair, reasonable, and adequate.

4.      The Court has received proof of dissemination of the Notice in accordance with the Preliminary Approval Order. The Court determines that the Notice and the means by which it was disseminated (i) were the best notice practicable under the circumstances; (ii) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of due process, the Federal Rules of Civil Procedure and any other applicable law.

5. The Court hereby confirms the certification of the Action as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3), with the Settlement Class being defined as follows:

> All purchasers of the AF-50 Helmet, in any size, from August 20, 2002, to April 11, 2012.

The class claims are defined as Counts I-IV in the Amended Complaint for Damages (Doc. 5).

6. The Court finds that (a) the number of Settlement Class Members is so numerous that joinder of them is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff's interests are identical to the interests of the Settlement Class Members, and Plaintiff has at all times adequately represented the Settlement Class; (e) the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

7. The Court and Class counsel received no opt outs and no objections.

8. Plaintiff will continue serving as representative of the Settlement Class. The firms Branstetter, Stranch & Jennings, PLLC, and Saltz, Mongeluzzi, Barrett & Bendesky, P.C., will continue serving as Co-Lead Counsel for the Settlement Class.

9. The Court hereby dismisses all pending claims between Plaintiff, the Settlement Class Members and Fulmer with prejudice.

10. The Court awards attorney's fees, costs and expenses to Co-Lead Counsel, to be paid by Fulmer pursuant to the Stipulation, in the amount of $400,000.00 for fees and $8,799.54 for costs and expenses.

11. The Court further awards to Plaintiff $2,500.00, to be paid by Fulmer pursuant to the Stipulation, as an incentive award for his services in bringing the Action and representing the Settlement Class.

12. Except as otherwise provided in the Stipulation of Class Action Settlement or herein, the Parties are to bear their own attorneys' fees and costs.

13. Upon the Effective Date, Plaintiff and the Settlement Class, on one hand, and Fulmer, on the other hand, shall be deemed to have released and forever discharged each other and each other's heirs, executors, members, officers, directors, employees, agents, attorneys, successors, assigns, and legal representatives from liability for any and all Released Claims, as defined in Section H of the Stipulation.

14. Upon the Effective Date, the Parties and Settlement Class Members are permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim in any court or forum.

15. Under no circumstances shall this Final Order Approving Settlement be:

    a. Construed or deemed to be a presumption, concession or admission by any Party or Settlement Class Member of the truth of any fact alleged, of any liability, fault or wrongdoing, or of the validity of any claim or defense that has been, could have been or in the future might be asserted in any litigation; or

    b. Offered in evidence or received in evidence, whether in the Action or any other civil, criminal or administrative proceeding, except as may be necessary to effectuate the provisions of the Stipulation.

16. Without affecting the finality of this Final Order Approving Settlement, the Court retains jurisdiction over the Parties, Settlement Class Members and Claims Administrator to

interpret and enforce the terms and conditions of the Stipulation. The Court reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement and to resolve any and all disputes arising thereunder.

17.Pursuant to Fed. R. Civ. P. 58, the Clerk of Court is directed to enter a judgment in accordance with this Final Order Approving Settlement.

IT IS SO ORDERED this  19th day of September , 2012.

s/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Court Judge